# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

### No. ACM 40741 (f rev)

―――――――――――――

### UNITED STATES
*Appellee*

**v.**

### Julius VONGPHACHANH
Airman Basic (E-1), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 4 August 2026

―――――――――――――

*Military Judge*: Tiny L. Bowman (pretrial motion); Matthew P. Stoffel (arraignment and pretrial motions); Joshua D. Rosen (trial).

*Sentence*: Sentence adjudged 27 June 2024 by GCM convened at Nellis Air Force Base, Nevada, and the Municipal Courthouse in North Las Vegas, Nevada. Sentence entered by military judge on 22 July 2024 and reentered on 2 July 2026: Bad-conduct discharge, confinement for 360 days, forfeiture of all pay and allowances, and a reprimand.

*For Appellant*: Captain Joyclin N. Webster, USAF; Dwight H. Sullivan, Esquire.

*For Appellee*: Colonel G. Matt Osborn, USAF; Colonel Matthew D. Talcott, USAF; Major Vanessa Bairos, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MCCALL, and KUBLER, *Appellate Military Judges*.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

PER CURIAM:

A general court-martial composed of officer and enlisted members found Appellant guilty, contrary to his pleas, of one specification of wrongfully and willfully discharging a firearm under circumstances such as to endanger human life, and one specification of unlawfully carrying a concealed weapon, both in violation of Article 114, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 914.[*] Appellant elected to be sentenced by the military judge, who adjudged a bad-conduct discharge, confinement for 360 days, forfeiture of all pay and allowances, and a reprimand. The convening authority took no action on the findings or sentence, and provided the language of the reprimand.

In its 29 May 2026 opinion, this court affirmed the findings, but found "the convening authority did not appreciate, and therefore did not appropriately consider, the nature of Appellant's clemency request." *United States v. Vongphachanh*, No. ACM 40741, 2026 CCA LEXIS 252, at *25–26 (A.F. Ct. Crim. App. 29 May 2026) (unpub. op.). Therefore, this court remanded the case back to the convening authority for a new decision on action on Appellant's 7 July 2024 submission of matters, consistent with the court's opinion, and a new entry of judgment by the military judge. *Id.* at *27. Thereafter, the record of trial was returned to the court for completion of its Article 66, UCMJ, 10 U.S.C. § 866, review.

Upon further review, we note that the convening authority properly corrected his action, as reflected in the Convening Authority's Decision on Action memorandum, dated 15 June 2026, in accordance with this court's 29 May 2026 opinion by addressing Appellant's request to commute the portion of the sentence that called for adjudged forfeitures. The military judge properly annotated this change in the entry of judgment, reentered on 2 July 2026.

The findings were previously affirmed *See id.* The sentence as entered on 2 July 2026 is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the sentence as entered is **AFFIRMED.**

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[*] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).